E-FILED
Tuesday, 22 May, 2012 09:37:15 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AMBER HANSON, ) ) Plaintiff, ) ) v. ) ) REGINALD BLAKE EDMONDS, Jr., ) individually and as next friend of ) Reginald Blake Edmonds III and ) Connor Haldor Edmonds, ) ) Defendant. ) | No. 12-cv-3125 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

The District Court referred this matter to this Court for a Report and Recommendation on the issue of removability. <u>Text Order entered May 14, 2012</u>. For the reasons set forth below, this Court recommends that this matter be dismissed before this Court and remanded to state court for further proceedings.

Defendant Reginald Blake Edmonds, Jr. (Edmonds), has removed three proceedings from Macon County, Illinois, Circuit Court. <u>Amber Hanson v. Reginald Blake Edmonds</u>, Macon County, Circuit Case Nos. 09-D-401 (Case 401), 10-OP-55 (Case 55), and 09-D-234 (Case 234). Case 401 is a divorce proceeding, and Case 234 is a child custody

proceeding. Case 55 appears to be a related proceeding for an order of protection. See Notice of Removal (d/e 1) attached state court filings. Based on the docket numbers, the cases were filed in 2009 and 2010. Edmonds did not attach the complaints that Plaintiff Amber Hanson (Hanson) filed in the three proceedings, as required by statute. 28 U.S.C. § 1446(b)(1). Edmonds filed this removal petition on May 7, 2012.

The removal is improper for several reasons. First and foremost, this Court does not exercise jurisdiction over domestic relations cases. Ankenbrandt v. Richards, 504 U.S 689, 703 (1992). Domestic relations matters are left to state courts. The removed cases clearly revolve around the domestic relations dispute between Edmonds and Hanson. Edmonds asks this Court to award him custody of his children. Notice of Removal, at 4. This Court does not have jurisdiction to hear these matters.

In addition, the removal is procedurally defective. The removal is untimely. Notice of removal must be filed within thirty days of service of the original complaint and summons on the defendant. 28 U.S.C. § 1446(b)(1). Edmonds filed the Notice of Removal in May 2012, years after the cases commenced in 2009 and 2010. In addition, Edmonds failed to attach to the Notice of Removal copies of the original complaints filed in Cases 401, 234, and 55, as required by statute. 28 U.S.C. § 1446(b)(1).

Moreover, even if this Court had diversity jurisdiction to hear domestic relations matters, Edmonds failed to allege facts to establish diversity removal jurisdiction. Edmonds alleged that he has been a citizen of Pennsylvania for more than a year. Notice of Removal, at 1. Edmonds did not allege that he was a citizen of Pennsylvania when these three actions were filed in 2009 and 2010. To establish diversity jurisdiction, Edmonds must allege that diversity of citizenship existed both at the commencement of each action and at the time of removal. Kanzelberger v. Kanzelberger, 782 F.2d 774, 776-77 (7th Cir. 1986). Edmonds failed to do so. Edmonds also did not allege the citizenship of Hanson, although she appears to be a citizen of Illinois. See 28 U.S.C. §§ 1332 & 1441.

Edmonds alleged numerous violations of his constitutional rights in the Notice of Removal. Defenses or counterclaims do not provide a basis for removal jurisdiction. Removal jurisdiction is based on the claims alleged in the plaintiff's complaint, not in the defendant's answer or counterclaim. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002). In this case, the three state court actions are domestic relations claims based on state law. This Court does not exercise jurisdiction over such claims. Plaintiff Hanson's claims in the three state court actions, therefore, do not provide a jurisdictional basis for removal.

If Edmonds wishes to pursue his claims that his constitutional rights were violated, he must file a new, separate law suit. The Court notes that Edmonds alleges that all of the wrongs set forth in the Notice of Removal occurred in Macon County, Illinois. Macon County is in the Urbana Division of this District. Any future federal lawsuit, therefore, should be filed in Urbana, not Springfield.

Edmonds has filed a motion to proceed in forma pauperis. <u>Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2)</u>. This Court is directed to dismiss any proceeding filed by a person seeking in forma pauperis status if the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this case, the attempted removal of these state proceedings is frivolous because the Court does not have jurisdiction to hear domestic relations cases, and because the Notice of Removal is years late and does not allege diversity jurisdiction. This Court, therefore, recommends that the matter be dismissed before this Court pursuant to 28 U.S.C. §§ 1915(e)(2) for lack of jurisdiction and remanded to state court for further proceedings pursuant to 28 U.S.C. § 1447, and that *pro se* Defendant's Motions (d/e 2, 3, 4) be denied as moot.

WHEREFORE, this Court recommends that the matter be dismissed before this Court pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction

and remanded to state court for further proceedings pursuant to 28 U.S.C. § 1447.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: May 22, 2012

_s/ Byron G. Cudmore_
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE